IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| ELIZABETH BUDDIE, | CIVIL ACTION |
| Plaintiff, | CASE NO. : 1:18-cv-01199 |
| vs. | JUDGE _____ |
| VOCATIONAL GUIDANCE SERVICES, | JURY TRIAL DEMANDED |
| And | |
| THE PNC FINANCIAL SERVICES GROUP, INC., | |
| Defendants. | |

## COMPLAINT

Plaintiff Elizabeth Buddie ("Plaintiff Buddie" or "Buddie") brings this action to recover unpaid minimum wages from Defendants Vocational Guidance Services ("VGS") and PNC Financial Services Group, Inc. ("PNC") (collectively "Defendants") pursuant to the Fair Labor Standards Act ("FLSA") and Article II, Section 34a of the Ohio Constitution. As part of her Complaint, Plaintiff alleges that she has been employed by Defendants to perform clerical work but has not been compensated for a significant portion of her employment.

## INTRODUCTION

1. Plaintiff Elizabeth Buddie is an adult with an intellectual disability who has worked for VGS since 2011, scanning mortgage documents at a PNC location in Brecksville, Ohio as a clerical employee.

2. At various times throughout her employment, Ms. Buddie has been required to participate in hours of unpaid training or downtime at her workplace.

1

3. In 2013, after Ms. Buddie's family complained that Ms. Buddie was required to remain at her job for hours of unpaid downtime, VGS agreed to pay Ms. Buddie for mandatory downtime and to reimburse her for unpaid downtime hours.

4. Beginning in July 2017, Ms. Buddie has been required to remain onsite at PNC and participate in hours of unpaid "training" time on a daily basis.

5. In this action, Ms. Buddie seeks compensation for unpaid hours and injunctive relief to require that illegal employment practices cease.

## PARTIES

6. Plaintiff Elizabeth Buddie is an adult individual residing at 30379 Washington Way, Westlake, Ohio 44145 (Cuyahoga County).

7. Defendant VGS is a non-profit corporation incorporated in the State of Ohio with its principal place of business located at 2239 E. 55th Street, Cleveland, OH 44103 (Cuyahoga County). VGS can be served through its statutory agent, CT Corporation Services, 4400 Easton Commons Way, Suite 125 Columbus, OH 43219 (Franklin County).

8. Defendant PNC is a foreign for-profit corporation incorporated in the state of Pennsylvania authorized to and conducting business in the State of Ohio.  It can be served through its statutory agent, Corporation Service Company, at 50 West Broad Street, Suite 1330, Columbus, Ohio 43215.

9. Defendant VGS is a vocational rehabilitation organization which employs individuals with physical disabilities, mental disabilities or other barriers to employment.  In its capacity as an employer of these individuals, VGS cooperates with other employers and business to place such individuals in industries and lines of work of the individuals' preferences, while at the same time maintaining its capacity as an employer by directing and controlling the individuals' employment.

10. Defendant PNC is a for-profit corporation and financial institution which provides services in retail banking, wealth and asset management, and corporate and institutional banking.

11. During all times material to this Complaint, Defendant VGS has engaged employees, including Plaintiff, in commerce or in the production of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and Defendant VGS has had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level) by operating a non-profit corporation employing approximately 4,000 employees.

12. During all times material to this Complaint, Defendant VGS has been an "employer" and "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, 29 U.S.C. § 203, and an "employer" within the meaning of 29 U.S.C. § 203(d), and Plaintiff has been an "employee" of Defendant within the meaning of 29 U.S.C. §203(e) and O.R.C. § 4111.03(D)(3); and has not been otherwise exempt from the protections of the FLSA or the Ohio Constitution.

13. During all times material to this Complaint, Defendant VGS has been engaged in interstate commerce within the meaning of FLSA.

14. During all times material to this Complaint, Defendant VGS has operated a non-profit corporation serving and employing individuals with mental and/or physical disabilities or other barriers to employment in the State of Ohio.

15. During all times material to this Complaint, Defendant PNC has engaged employees, including Plaintiff, in commerce or in the production of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and Defendant PNC has had an annual gross

3

volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level) by operating a for-profit banking institution.

16. During all times material to this Complaint, Defendant PNC has been an "employer" and "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, 29 U.S.C. § 203, and an "employer" within the meaning of 29 U.S.C. § 203(d), and Plaintiff has been an "employee" of Defendant PNC within the meaning of 29 U.S.C. §203(e) and O.R.C. § 4111.03(D)(3); and has not been otherwise exempt from the protections of the FLSA or the Ohio Wage Laws.

17. During all times material to this Complaint, Defendant PNC has been engaged in interstate commerce within the meaning of FLSA.

18. During all times material to this Complaint, Defendant PNC has operated a for-profit corporation which provides financial and banking services to individuals within the State of Ohio and throughout the United States.

## JURISDICTION AND VENUE

19. Subject matter jurisdiction in this case is based on 28 U.S.C. § 1331. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* Accordingly, this Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over the Ohio state law claims asserted by Plaintiffs, on behalf of themselves and others similarly situated, as these claims are so related to the federal claims that they form part of the same case or controversy.

20. Defendant PNC is a for-profit corporation incorporated in the State of Pennsylvania. This Court has personal jurisdiction over Defendant PNC pursuant to O.R.C. § 2307.382.

21. Defendant VGS is a non-profit corporation incorporated in the State of Ohio. This Court has personal jurisdiction over Defendant VGS pursuant to O.R.C. § 2307.382.

22. Pursuant to 28 U.S.C. § 1391, venue is proper in the Southern District of Ohio because a substantial part of the events forming the basis of the suit occurred in this District.

**FACTS**

23. Since 2011, Ms. Buddie has worked as a clerical employee, primarily tasked with scanning mortgage documents at a PNC office located in Brecksville, Ohio.

24. As a matter of economic reality, Defendant VGS has employed Plaintiff in the State of Ohio at the PNC Bank located in Brecksville, Ohio.

25. During all times material to this Complaint, Defendants have jointly employed Plaintiff to, among other things, stamp letters and stuff envelopes to be mailed by Defendants.

26. During all times material to this Complaint, Defendants have jointly employed Plaintiff to work from 8:30 am to 2 p.m. with a one-hour break, during four (4) days of each workweek.

27. During all times material to this Complaint, Defendants have jointly supervised Plaintiff in the execution and completion of the work she has performed for Defendants.

28. During all times material to this Complaint, Defendants have jointly set and determined Plaintiff's work schedule.

29. During all times material to this Complaint, Defendants have jointly instructed Plaintiff as to the scope and manner of the work she has performed for Defendants.

30. During all times material to this Complaint, Defendants have jointly possessed the ability to control the conditions of Plaintiff's employment, including possessing the ability to hire or fire Plaintiff.

31. During all times material to this Complaint, Defendant VGS has arranged for and contracted with a third-party transportation company to provide for Plaintiff's transportation to and from her place of work at PNC bank in Brecksville, Ohio.

32. During all times material to this Complaint, Defendants have jointly determined the activities that Plaintiff has performed during her course of employment for Defendants.

33. On or around July 1, 2017, Defendants began compensating Plaintiff for only two-and-a-half hours (2.5) of work a day on the days she has been assigned to work for Defendants, instead of the four-and-a-half hours she has routinely worked per working day and has routinely been compensated for by Defendants.

34. During the course of Plaintiff's employment, Defendants have jointly required Plaintiff to attend and participate in meetings and training programs during Plaintiff's regular working hours.

35. During all times material to this Complaint, neither VGS nor PNC has held a Section 14(c) certificate under the FLSA which would otherwise permit them to employ Plaintiff, an individual with a disability, at a sub-minimum wage.

36. During all times material to this Complaint, neither VGS nor PNC has held a special license pursuant to Section 4101:9-1-01(B) of the Ohio Administrative Code which would otherwise permit them to employ Plaintiff, an individual with a disability, at a sub-minimum wage.

## COUNT I
**Violation of Fair Labor Standards Act ("FLSA")**

37. Plaintiff repeats the allegations set forth in the above Paragraphs and incorporates them herein by reference.

38. During all times material to this Complaint, Defendant VGS has been an "employer" covered by the minimum wage requirements set forth in the FLSA. 29 U.S.C. § 203(d).

39. During all times material to this Complaint, Defendant PNC has been an "employer" covered by the minimum wage requirements set forth in the FLSA. 29 U.S.C. § 203(d).

40. During all times material to this Complaint, Plaintiff has been an "employee" of Defendants within the meaning of 29 U.S.C. § 203(e), and not otherwise exempt.

41. During all times material to this complaint, Defendant VGS has been an "employer" and "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, 29 U.S.C. § 203, and an "employer" within the meaning of 29 U.S.C. § 203(d).

42. During all times material to this complaint, Defendant PNC has been an "employer" and "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, 29 U.S.C. § 203, and an "employer" within the meaning of 29 U.S.C. § 203(d).

43. As a matter of economic reality, during all times material to this Complaint, Defendants VSG and PNC have jointly employed Plaintiff in the State of Ohio at the PNC bank located in Brecksville, Ohio.

44. During all times material to this Complaint, Defendants have regularly, routinely and jointly required Plaintiff to arrive to work at 8:30 a.m. on Monday through Thursday and Defendant VGS has specifically arranged for her transportation to work via a third party transportation company for this purpose.

45. In addition, during all times material to this Complaint, Defendants have regularly, routinely, and jointly required Plaintiff to remain at work until 2 p.m. on Monday through Thursday and Defendant VGS has specifically arranged for a third party transportation company to pick her up from the PNC bank located in Brecksville, Ohio at sometime on or after 2 p.m. on these days to transport her back to her home.

46. On or around July 1, 2017, Defendants jointly began to refuse to compensate and have since failed to compensate Plaintiff for two hours of her working time, because they alleged that such time was "training" and could not be regarded as compensable work.

47. Despite Defendants' allegations that Plaintiff's work was "training" and not compensable work, Defendants had regularly and routinely compensated Plaintiff for the same work performed by Plaintiff at all times during her employment for Defendants prior to approximately July 1, 2017.

48. During all times material to this Complaint, all work Plaintiff has performed for Defendants, including any "training" or related principle activity has been compensable as it has been required by Defendants of Plaintiff and has taken place during Plaintiff's regular work hours.

49. Although Plaintiff's sisters and guardians have complained multiple times on behalf of Plaintiff in regards to Defendants' joint failure to compensate Plaintiff for all the work she has performed for Defendants, Defendants, as of the date of the filing of this Complaint, have refused to correct their illegal payment practices and reimburse Plaintiff for all hours she has worked and participated in required training.

50. During the time period from approximately July 1, 2017 to the present, Defendants have jointly violated the provisions of 29 U.S.C. § 206 by employing Plaintiff in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, and by jointly failing to pay Plaintiff the federally established minimum wage. Defendants have acted willfully in failing to pay Plaintiff in accordance with the law.

51. Because Defendants' joint failure to pay Plaintiff the federally established minimum wage has been willful pursuant to 29 U.S.C. §255(a), Plaintiff is entitled to these wages dating back three (3) years.

52. Defendants' joint failure to pay Plaintiff at the federally established minimum wage while Plaintiff has been an employee of Defendants has not been based in good faith or reasonable grounds, or a belief that such failure is not in violation of the FLSA. Pursuant to 20 U.S.C. § 216(b), Plaintiff is therefore entitled to liquidated damages in an amount equal to the wages which she has not been paid.

## COUNT II
**Alleging Minimum Wage Pay Violations of the Ohio Constitution**

53. Plaintiff repeats the allegations set forth in the above Paragraphs and incorporates them herein by reference.

54. During all times material to this Complaint, Defendants have been joint employers within the meaning of O.R.C. § 4111.14(B) and have been required to comply with the Ohio Constitution's mandates.

55. During all times material to this Complaint, Plaintiff has been an employee of Defendants within the meaning of O.R.C. § 4111.14(B), and not otherwise exempt.

56. During all times material to this Complaint, Defendants have regularly, routinely and jointly required Plaintiff to arrive to work at 8:30 a.m. on Monday through Thursday and Defendant VGS has specifically arranged for her transportation to work via a third party transportation company for this purpose.

57. In addition, during all times material to this Complaint, Defendants have regularly, routinely, and jointly required Plaintiff to remain at work until 2 p.m. on Monday through Thursday and Defendant VGS has specifically arranged for a third party transportation company to pick her up from the PNC bank located in Brecksville, OH at sometime on or after 2 p.m. on these days to transport her back to her home.

9

58. On or around July 1, 2017, Defendants jointly began to refuse to compensate and have since failed to compensate Plaintiff for two hours of her working time, because they alleged that such time was "training" and could not be regarded as compensable work.

59. Despite Defendants' allegations that Plaintiff's work was "training" and not compensable work, Defendants had regularly and routinely compensated Plaintiff for the same work performed by Plaintiff in the past.

60. During all times material to this Complaint, all work Plaintiff has performed for Defendants, including any "training" or related activity, has been compensable as it has been required by Defendants of Plaintiff and has taken place during Plaintiff's regular work hours.

61. Defendants, by refusing to pay Plaintiff the minimum wage for all hours in which she performed work for Defendants, failed and continue to fail to pay the constitutionally established Ohio minimum wage in violation of Article II, Section 34a of the Ohio Constitution.

62. Accordingly, Defendant has violated Article II, Section 34a of the Ohio Constitution and Plaintiff is thereby entitled to compensation in the form of unpaid wages, damages in an amount equal to two (2) times the amount of her unpaid wages, reasonable attorneys' fees and costs related to this litigation.

## COUNT III
**Violations of Ohio Prompt Payment Act ("OPPA") on behalf of the Ohio Class**

63. All previous Paragraphs are incorporated as though fully set forth herein.

64. During all times material to this Complaint, Defendants have been corporations and employers required to comply with the mandates of the OPPA, O.R.C. § 4113.15.

65. During all times material to this Complaint, Plaintiff has been jointly employed by Defendants within the meaning of the OPPA, and has not been otherwise exempt.

66. The OPPA requires that Defendants pay Plaintiff all wages owed, on or before the first (1st) day of each month for wages earned by her during the first (1st) half of the preceding month ending with the fifteenth (15th) day thereof, and, on or before the fifteenth (15th) day of each month, for wages earned by her during the preceding calendar month. *See* O.R.C. § 4113.15(A).

67. During all times material to this Complaint, because of Defendants' joint failure to compensate Plaintiff fully and properly for all work performed in workweeks during the relevant period, Plaintiff has not been paid all wages earned within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

68. Plaintiff's earned minimum wages have remained unpaid for more than thirty (30) days beyond their regularly scheduled payday.

69. In violating the OPPA, Defendants have acted willfully and with reckless disregard of clearly applicable Ohio Wage Act provisions.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Elizabeth Buddie prays for relief as follows:

A. Judgment that Defendants are liable to Plaintiff for Defendants' conduct described herein;

B. An injunction prohibiting Defendants from engaging in future FLSA violations;

C. Injunctive relief under the Ohio Acts and the Ohio Constitution prohibiting violations of such laws and requiring compliance going forward;

D. An order awarding Plaintiff all lost minimum wages to the fullest extent permitted under the law;

E. An order awarding Plaintiff damages in an additional amount equal to two (2) times the amount of her unpaid minimum wages;

F. An order awarding Plaintiff a sum equal to six (6) percent of her unpaid minimum wages pursuant to O.R.C. § 4113.15;

G. An order awarding Plaintiff prejudgment interest, and monetary penalties to the fullest extent permitted under the law;

H. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

I. Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all claims so triable.

May 24, 2018            Respectfully submitted,

*s/ Trent R. Taylor*
Trent R. Taylor (OH Bar No. 0091748)
Robert E. DeRose (OH Bar No. 0055214)
**BARKAN MEIZLISH HANDELMAN GOODIN DEROSE WENTZ, LLP**
250 East Broad Street, 10th Floor
Columbus, Ohio 43215
Telephone: (614) 221-4221
Facsimile: (614) 744-2300
ttaylor@barkanmeizlish.com
bderose@barkanmeizlish.com

*s/ Emily White*
Emily White (0085662)
**DANNLAW**
P.O. Box 6031040
Cleveland, OH 44103
Main Office (216) 373-0539
Direct: (216) 614-500-4395
Fax: (216) 373-0536
notices@dannlaw.com
*Counsel for Plaintiff*