UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| ELIZABETH BUDDIE, | CASE NO. 1:18-cv-1199 |
| Plaintiff, | ORDER [Resolving Doc. 20] |
| vs. | |
| VOCATIONAL GUIDANCE SERVICES, INC., *et al.*, | |
| Defendants. | |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On November 28, 2018, Plaintiff Elizabeth Buddie settled her federal and state wage law claims against Defendants Vocational Guidance Services, Inc. ("Vocational") and PNC Bank National Association ("PNC"). The settlement terms authorize Plaintiff to apply for reasonable attorney fees and costs in connection with her claims against Vocational.

Plaintiff Buddie now moves the Court for $49,517.25 in attorney fees and $1,108.85 in costs under the Fair Labor Standards Act ("FLSA") fee-shifting provision.[1] Defendant Vocational responds that these amounts are excessive. The Court agrees.

The FLSA fee-shifting provision authorizes "reasonable" attorney fees.[2] In determining reasonableness, the Court starts with the lodestar calculation: the attorney's reasonable hourly rate multiplied by the number of hours reasonably spent on the case.[3] From there, the Court may adjust the amount upwards or downwards as it finds necessary

---

[1] Doc. 20. Defendant Vocational opposes. Doc. 21. Plaintiff replies. Doc. 22.
[2] 29 U.S.C. § 216(b); *Moore v. Freeman*, 355 F.3d 558, 565 (6th Cir. 2004).
[3] *Moore*, 355 F.3d at 565.

based on the particular case.[4]

Applying this approach, Plaintiff's $49,517.25 attorney fee request is unreasonable. In this case, Buddie, as a single plaintiff, sought unpaid minimum wages. Yet six attorneys from three different law firms worked on her case and now seek compensation. And despite the substantial fee request amount, the attorneys handled only limited discovery and settled the case before dispositive motions were filed.

Against this backdrop, Plaintiff's attorneys had a greater-than-usual burden to show that the time they spent on this case was non-redundant, reasonably necessary, and within the scope of recoverable time.[5] Yet one of the three firms, Barkan Meizlish DeRose, gives the Court no information to make this assessment. Barkan gives no contemporaneous billing records or billing rates—despite seeking $20,557.25 in fees.[6]

Plaintiff has not shown that Barkan is entitled to attorney fees.[7] This leaves law firms Hickman & Lowder and Dann Law's requested attorney fees, together totaling $28,960.[8]

In large part, Hickman and Dann Law's billing rates were reasonable, with the exception of Dann Law's high-end paralegal rates.[9] Some of the time spent by the firms'

---

[4] *Id.*

[5] *See Fox v. Vice,* 563 U.S. 826, 838 (2011) ("The fee applicant . . . must, of course, submit appropriate documentation to meet 'the burden of establishing entitlement to an award.'" (citation omitted)); *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983) (explaining that plaintiffs' counsel must make a good faith effort to exclude hours that are "excessive, redundant, or otherwise unnecessary").

[6] Doc. 20-2. Barkan gives only its three lawyers and paralegal's total hours spent, and firm and lawyer bios.

[7] *See Hensley,* 461 U.S. at 433 ("Where the documentation of hours is inadequate, the district court may reduce the award accordingly.").

[8] Docs. 20-1, 20-3, 20-4.

[9] Hickman & Lowder and Dann Law's requested attorney fees are in the range of reported rates. *See, e.g.,* Ohio State Bar Ass'n, *The Economics of Law Practice in Ohio in 2013: A Desktop Reference* 39–40 (2013). However, in the Greater Cleveland region, only 8.1% of paralegals with three years' experience and 12.5% of paralegals with ten years' experience billed at rates over $140. *Id.* at 43. Yet one Dann Law paralegal (two years' experience) billed at $175 and the other (twelve years' experience) billed at $250. Doc. 20-3 at 6. These rates are high, even when taking rising billing

Case No. 1:18-cv-1199
Gwin, J.

attorneys, however, was redundant and excessive. One senior attorney with the relevant subject-matter expertise could have handled this case. But instead, the three senior attorneys were involved and performed some overlapping introductory work and client communications in the process.[10]

The Court finds that the $28,960 in fees that Hickman and Dann Law billed before the dispositive motion deadline was unreasonably high. The Court also applies a downward adjustment to the attorney fee amount to reflect the modest nature of the relief Plaintiff obtained in the settlement, relative to the hours her attorneys billed.[11]

In large part, Plaintiff settled her wage claims for $4,109.46 and an agreement that she could apply for attorney fees and costs for the claims against Vocational, but not PNC. Half of the sum represented backpay from July 1, 2017 to the settlement date; the other half represented liquidated damages. This is a small recovery relative to the requested attorney fees.

Such a small damages award may be justified when the litigation otherwise effects future changes to an employer's pay practices,[12] but that was not the outcome here. Vocational has not agreed to any change in its practices and it still represents that its wage practices are lawful.

Considering the lodestar calculation and the downward adjustment for relative

---

rates into account.

[10] Moreover, one attorney's time mostly focused on contacting the other, better-suited attorneys, as opposed to assisting with Plaintiff's claims. *See* Doc. 20-1.

[11] *Moore*, 355 F.3d at 565.

[12] *See, e.g.*, *United Slate, Tile & Composition Roofers, Damp & Waterproof Workers Ass'n v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 503 (6th Cir. 1984) ("[T]ransfixion on the damage amount in establishing fees would penalize those litigants whose cases carry slight pecuniary damages, but which present instances of significant statutory violations.").

Case No. 1:18-cv-1199
Gwin, J.

success, the Court finds $10,000 to be a reasonable attorney fees amount. The Court awards $718 to Hickman, $7782 to Dann Law, and $1500 to Barkan.

Of the costs that Plaintiff seeks, the Court grants only Plaintiff's request for Dann Law's $400 court filing fee, a reasonable and expected expense. Because Barkan does not support the $708.85 in costs it claims, the Court denies Plaintiff's request for Barkan's costs.[13]

For the reasons stated, the Court **GRANTS** $10,000 in attorney fees to Hickman, Dann Law, and Barkan and $400 in costs to Dann Law.

IT IS SO ORDERED.

Dated: January 30, 2019           *s/    James S. Gwin*
                                  JAMES S. GWIN
                                  UNITED STATES DISTRICT JUDGE

---

[13] Although Plaintiff's brief vaguely mentions "deposition expenses," Barkan does not support this with billing documentation or contemporaneous time submissions, or describe the nature of these "deposition expenses" at all.